*Booth,* for plaintiff.
*Gray,* for defendant.

—⁕→»⧽●◉❸⧼«←⁎—

### HENRY TEMPLEMAN *vs.* WILLIAM BIDDLE.

Local custom ; how pleaded.

TRESPASS. Narr. Demurrer.

This was an action of trespass for taking and carrying away a crop of oats sowed by plaintiff, and claimed as belonging to him as the away going tenant of the farm now occupied by defendant. See 1 *Harr. Rep.* 522.

The narr. contained four counts : the 1st and 4th in trespass generally ; the 3d on a contract with the landlord that plaintiff should have the oat crop ; and the 2d set out a special custom that the tenants from year to year of lands in St. George's hundred, should be permitted to sow a crop of oats in the spring of the expiration of their tenancy, and to reap the crop after them.

To this there was a general and special demurrer ; and the special causes assigned were, that no day was alledged for the commission of the trespass ; that the custom was not alledged to extend to all the tenants of lands in St. George's hundred ; and that the extent and duration of the custom were not set out.

*W. H. Rogers,* for demurrant :

The custom is not properly pleaded. It must be universal over the *locus in quo* as to which it is alledged ; in this case throughout the hundred of St. George's, and to every farm in that hundred. A valid custom must be based on length of time, and this must be considerable ; generally, for time out of mind ; and it must be uninterrupted. And some sufficient length of time must be alledged as the basis of a custom. Here the term of Templeman's tenancy is not set out. Now it must appear that the custom was in existence at the commencement of his tenancy, to make it a part of the contract of letting, and it must be shown to have continued down to the time

of the trespass committed.   In this view the time of the trespass is a material averment.   1 *Douglass,* 201;  16 *East.* 71;  20 *Com. Law Rep.* 202.   The other counts arc upon a contract with the landlord, and not upon the custom.   These cannot be joined.   They are en- tirely distinct in their nature.

*Rodney,* contra :

It is impossible to specify the existence of this local custom: nor could it be laid as existing from time out of memory.   No custom in this country could be pleaded in that manner.   The requisites contended for, as applying to declarations on customs, are all drawn from the precedents in *Douglass* and *East,* which are themselves not decided to be right, but which cannot in the nature of things apply to this country ; and our courts will not adopt them, unless with such modifications as our condition requires.

Whether a custom is good must be a matter of proof.   As to the universality of this custom, it is alledged that " the tenants of lands " in St. George's hundred, &c., which means all tenants of lands.   And the custom is alledged to have existed at the time of this tenancy, and for a long time before.   This is sufficient to cover all the time.

The other counts do not rest exclusively on a contract with the landlord, but unite his permission and assent to the sowing the oats in accordance with the custom.

> *The Court* gave judgment for the demurrant.

*Rodney,* for plaintiff.

*W. H. Rogers,* for defendant.